**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JIMMIE LEE SPANN and<br>JAY STRAUGHTER, JR.,<br><br>Plaintiffs,<br><br>v.<br><br>ST. LOUIS CITY JUSTICE CENTER,<br>et al.,<br><br>Defendants. | ) | No. 4:26-cv-00137-HEA |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiffs Jimmie Lee Spann and Jay Straughter, Jr.'s joint application to proceed in district court without prepaying fees and costs (Doc. 2); motions to appoint counsel (Docs. 3, 6); and motions against Defendants' refusal to provide inmate account statements (Docs. 4, 5). Because two prisoners cannot join together in a single lawsuit or represent a class of similarly situated individuals, the Court will strike from this action Plaintiff Jay Straughter, Jr. and direct the Clerk of Court to open a new case for him. *See* Fed. R. Civ. P. 20, 23; *see, e.g., Georgeoff v. Barnes*, 2:09-cv-14-ERW, 2009 WL 1405497 (E.D. Mo. May 18, 2009). Additionally, because the Plaintiffs have filed joint motions, the Court will deny without prejudice Plaintiffs' joint motion to appoint counsel and joint motion against Defendants' refusal to provide copies of

their inmate account statements. Plaintiffs may renew these motions, if necessary, in their individual prisoner civil rights cases.

There are several reasons why Plaintiffs cannot join together in the same action. First, the Prison Litigation Reform Act ("PLRA") requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). However, "[m]ultiple filing fees cannot be collected for one case filed by multiple plaintiffs, thus the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple plaintiff case subject to the PLRA." *Lilly v. Ozmint*, 2007 WL 2021874 *1 (D.S.C. Jul. 6, 2007); *see* 28 U.S.C. § 1914. Therefore, the requirement of § 1915(b)(1) that each prisoner pay the full amount of a filing fee requires individual prisoners to bring separate suits, rather than file jointly under Rule 20. *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002).

Additionally, courts have noted that "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." *Hagwood v. Warden*, 2009 WL 427396 *2 (D.N.J. Feb. 19, 2009) (citing *Wasko v. Allen County Jail*, 2006 WL 978956 (N.D. Ind. Apr. 12, 2006); *Swenson v. MacDonald*, 2006 WL 240233 *2-4 (D. Mont. Jan. 30, 2006)).

> Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. [Other] courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for [one court] was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates."

*Hagwood*, 2009 WL 427396 at *2. Joinder of prisoners' claims under Rule 20 would allow prisoners to avoid the risk of incurring strikes under § 1915(g) so long as one of those prisoners' claims is viable, because § 1915(g) imposes a strike only if the entire action is dismissed. Prisoners may not circumvent the penalties associated with filing frivolous actions by joining claims under Rule 20.

Finally, because of the requirement of adequate representation in a class action lawsuit, it is well established that a self-represented litigant cannot represent the rights, claims, and interests of other parties in a class. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (providing that "[a] nonlawyer…has no right to represent another entity"); *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (affirming district court determination that pro se litigant could not adequately represent a class, "because the competence of a layman is clearly too limited to allow him to risk the rights of others"); *Casey-El v. City of St. Louis Dep't of Pub. Safety*, 2022 WL 17250170, at * 2 (E.D. Mo. Nov. 28, 2022).

For these reasons, the Court will not allow Plaintiffs to proceed jointly in this action or to represent a class of similarly situated inmates. Nothing in this Opinion,

Memorandum and Order should be construed as precluding Plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for trial if that becomes appropriate at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to **STRIKE** Plaintiff Jay Straughter, Jr. from this action.

**IT IS FURTHER ORDERED** that the Clerk is directed to open a new case for Plaintiff Jay Straughter, Jr., using the complaint in the above-captioned case, and to docket a copy of this Order in Plaintiff Straughter's newly-opened case.

**IT IS FURTHER ORDERED** that Plaintiffs' joint application to proceed in district court without prepaying fees and costs is **DENIED** without prejudice. (Doc. 2) The Clerk of Court is directed to mail Plaintiffs two blank form applications. If Plaintiffs seek to continue this action individually, they shall complete and file their separate application to proceed in district court without prepaying fees and costs in their separate case within 21 days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs' joint motions to appoint counsel are **DENIED** without prejudice to refiling in their separate actions. (Docs. 3, 6).

**IT IS FURTHER ORDERED** that Plaintiffs' joint "Motion of Suggestions and Opposition Against Defendants' Refusal to Give Them Copies of Their Inmate

Account Balance and the Six [Month] Account Balance to Proceed in Their Lawsuit Complaint" and "Motion for Defendants to Send the Court Six Month Balance of Their Account" are **DENIED** without prejudice to refiling, if necessary, with their separate applications to proceed in district court without prepaying fees and costs. (Docs. 4, 5)

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion for Class Action Addition of Other Jailers Attachment to Each Individual Claim Presented in the Case" is **DENIED**. (Doc. 7)

**IT IS FURTHER ORDERED** that Plaintiffs' failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice to Plaintiffs.

Dated this 18th day of August, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE